UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH SMITH #212103,

       Plaintiff,

                                                                                   File No. 2:08-CV-104

v.

                                                                                     HON. ROBERT HOLMES BELL

JENNIFER GRANHOLM, et al.,

       Defendants.
                                            /

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

      On June 5, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Kenneth Smith's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. Plaintiff filed objections to the R&R on June 11, 2008.

      This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

      The R&R recommends dismissal of Plaintiff's complaint because the allegations are too broad and conclusory to deserve serious consideration, and because Plaintiff appears to

be challenging his state court conviction, a challenge which should be brought as a petition for habeas corpus and not as a civil rights action.

Plaintiff objects to the R&R's conclusion that he has failed to state a claim. However, in response to the R&R Plaintiff has alleged his claims against each Defendant with more particularity. Plaintiff also objects to the R&R because he denies that he is challenging his state conviction or the fact or duration of his incarceration.

Plaintiff's complaint, as supplemented by his objections, alleges that Defendants (including the governor, judges, prosecuting attorneys, defense attorneys, and police officers) violated his civil rights by obtaining his conviction through false evidence. He asserts that he is innocent of the crime and that there is no physical or circumstantial evidence to support his conviction. Plaintiff requests monetary damages as well as a new trial and relief from his illegal imprisonment.

Notwithstanding Plaintiff's protestations, it is clear from his complaint and objections that he is challenging the constitutionality of his state court conviction. "Suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983." *Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Moreover, to the extent Plaintiff is seeking monetary damages for civil rights violations, his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote omitted). "*Heck* bars § 1983 plaintiffs from advancing claims that, if successful, would necessarily imply the invalidity of a prior conviction or sentence." *S.E. v. Grant County Bd. of Educ*., No. 07-6330, — F.3d —, 2008 WL 4527524, at *5 (6th Cir. Oct. 10, 2008) (quoting *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005)). "This ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions." *Id.* at *3. "'[A] challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the *Heck* framework.'" *Id.* at *4 (quoting *Morris v. City of Detroit*, 211 F. App'x 409, 411 (6th Cir. 2006)).

Plaintiff's § 1983 claims, if successful, would necessarily imply the invalidity of his prior conviction. Plaintiff has not obtained a favorable termination in his criminal proceeding. His § 1983 claims are accordingly barred by the *Heck* doctrine. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 4) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the

Magistrate Judge (Dkt. No. 3) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated: October 30, 2008 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE